NATHANIEL J. SPARKS *v.* JORDEN HOPSEN.

REPLEVIN. *Surety on defendant's bond.* Code 1892, §§ 3716, 3729.

> A surety on a defendant's bond in replevin, under Code 1892, § 3729, authorizing an execution against him for costs in case his principal be cast in the suit, is liable therefor under a judgment for the plaintiff, though the bond be conditioned as in the form prescribed by Code 1892, § 3716, and be silent as to costs.

FROM the circuit court of, first district, Coahoma county.

HON. SAMUEL C. COOK, Judge.

Hopsen, appellee, was plaintiff in the court below in a replevin suit brought against one Parker, who gave bond for the retention of the property, with appellant Sparks as surety on his bond. Judgment was rendered in plaintiff's favor against defendant Parker and the surety on his replevin bond, appellant Sparks for the return of the property, valued at $50, and the payment of all costs. The replevin bond was conditioned, as per form provided Code 1892, § 3716, "to have the property (describing it) before the court (describing it and the time of its holding) to satisfy the judgment of said court" in the case. An execution, after the surrender of the property, having been issued against defendant and appellant Sparks, the surety on the bond, for costs, Sparks moved the court to quash the execution as to him, which motion the court below overruled and Sparks, the surety, appealed to the supreme court.

*Edward Mayes* and *J. B. Harris,* for appellant.

The replevin bond given in this case is identical with the form given in Code of 1892 for bonds in similar cases, and the

only question which this court has to decide is this: "Has the surety complied with the conditions of his bond by delivering the property as required?"

The condition of the replevin bond was that the defendant should have the property in dispute before the court to satisfy the judgment in the action of replevin, "only this and nothing more."

All the authorities hold that the sureties may stand on the precise terms of their contract, and the court will not add terms not made by the parties.   1 Brandt on Suretyship; Sec. 93, *Tarpy* v. *Shillenberger,* 10 Cal., 390; *Clary* v. *Rollard,* 24 Cal., 147; *Chambers* v. *Waters,* 7 Cal., 390; *Pfershing* v. *Peterson,* 98 Ill. App., 70; *Shreffler* v. *Nadelhoffer,* 133 Ill., 551; *Mitcham* v. *Slanton,* 49 Cal., 304.

[Counsel did not appear for appellee.]

CALHOON, J., delivered the opinion of the court.

Sparks was surety on the replevin bond for $100, given by the defendants in a replevin suit, in a court of a justice of the peace, for a horse.   Defendants won in that court, which adjudged that they retain the horse.   The bond is conditioned, as in the form set out in Code, § 3716, to be void if the horse should be produced before the court to satisfy its judgment, but is silent as to costs.   But the plaintiff appealed, with supersedeas, to the circuit court, and won there, and the judgment was that the horse be restored to him, and that defendant and Sparks, his surety on the replevin bond, pay $214.75, the costs; Sparks, however, to be exonerated on payment of $100, the penalty of his bond, the horse having been delivered to plaintiff.

It is urged here by Sparks that he is bound only, by the letter of his bond, to have the horse forthcoming, which was done, and that it was error to hold him for any costs at all.   In *Phillips* v. *Cooper,* 59 Miss., 18, this court construed sections 1530

and 1535 of the Code of 1871, in a case where the property had not been produced, and held the surety liable for costs; and, further, said he would also be liable if the property had been restored, because section 1535 of that code gave the "successful party" a *distringas* for the property and "a *fieri facias* for damages and costs." Now the requirement of the condition of the bond of defendant, by § 1530 of the Code of 1871, is identical with that of § 3715 of the Code of 1892, that the property "shall be forthcoming to satisfy the judgment of the court." Section 3729 of the Code of 1892, compared with § 1535 of the Code of 1871, is substantially the same, both allowing recovery against the losing party and his sureties for restoration of the property and for "damages and costs." The fact that the form of the bond for defendant, set out in § 3716, Code 1892, does not mention costs, cannot alter the reasoning or the conclusion in *Phillips* v. *Cooper, supra.* The learned codifiers of this code cite this case as applicable in their footnote to § 3715.

*Affirmed.*